1

```
1              UNITED STATES DISTRICT COURT

2            SOUTHERN DISTRICT OF FLORIDA

3            CASE NO. 99-6153-CR-MOORE

4    UNITED STATES OF AMERICA

5          vs.

6    AND JAVIER LINDO,

7                    Defendant

8

9                 SENTENCING HELD 10-9-08

10         BEFORE THE HONORABLE K. MICHAEL MOORE

11              UNITED STATES DISTRICT COURT

12

13   APPEARANCES:

14

15   FOR THE GOVERNMENT:      ARTHUR WYATT,

16                           ASSISTANT UNITED STATES ATTORNEY

17   FOR THE DEFENDANT:      DENNIS URBANO, ESQ.

18

19   REPORTED BY:            PATRICIA SANDERS, RPR

20                          Official Court Reporter

21

22

23

24

25
```

2

1          COURTROOM DEPUTY:  United States versus Javier Lindo.  If

2    counsel would note their appearances again for the record.

3          MR. WYATT:  Arthur Wyatt on behalf of the United States,

4    Your Honor.

5          MR. URBANO:  Dennis Urbano on behalf of Mr. Lindo.

6          THE COURT:  All right.  Let's take up the objections with

7    respect to Mr. Lindo.

8          MR. URBANO:  Your Honor, this is in a similar position as

9    the last case.  The Government and I agree on the objections I

10   filed. We also agree on the objections to the PSI regarding the two

11   point versus three point enhancement on the issue of leader

12   organizer.

13         THE COURT:  All right. Let's do this.  First of all, with

14   respect to the objections, does the Government agree with the

15   corrections to the PSI with respect to paragraphs 35, 62, 68, 72,

16   117 and 122?

17         MR. WYATT:  Yes, Your Honor. I believe what the defense is

18   saying is they agree with our objections and would adopt those.

19         THE COURT:  All right.  So we will go ahead and ask the

20   Probation Office to make those corrections.

21         Your next objection you are at what paragraph -- paragraph

22   117, role in the offense?

23         MR. URBANO:  Paragraph 74 I believe and paragraph 117 both

24   refer to the increase for role in the offense.

25         THE COURT:  And what is the Government's position?

1    MR. WYATT:  Your Honor, per our plea agreement we agreed to

2    recommend a two point enhancement for defendant's role in the

3    offense. Looking at all of the factors in this case in trying to --

4    the Court knows the case better than anyone in the courtroom.

5    But trying to account for the 3553 factors and trying to

6    determine what sentence would be appropriate for the defendant

7    Lindo, in the resolution of that we came to the joint

8    recommendation, the defendant and I, that a two point enhancement

9    for role would be appropriate to recognize his organizational and

10   leadership role in this case but also to recognize the fact that

11   with respect to the conduct he was involved in we really only know

12   of one individual that he supervised.

13   And Mr. Urbano can speak to that.  But it would have been

14   the person that he would have directed to provide the boat for the

15   shipment that was actually realized in 1999.

16   THE COURT:  So you are saying that is a level 37 instead of

17   38?

18   MR. WYATT:  That's what we agreed to in the agreement, Your

19   Honor.

20   THE COURT:  All right.  We will go ahead and make that

21   change.  And that gives us a guideline range of 210 to 262 months,

22   is that right?

23   MR. WYATT:  That is correct, Your Honor. And we agreed to

24   recommend low end as we did with Mr. Vanoy.

25   THE COURT:  All right.  Does Mr. Lindo want to say anything

4

1  on his own behalf?

2          THE DEFENDANT:  Yes, Your Honor.

3          THE COURT:  Go ahead.

4          THE DEFENDANT:  I accept this sentence imposed by you.

5  Thank you.

6          THE COURT:  Anything further on his behalf?

7          MR. URBANO:  Your Honor, again, in fashioning a plea and

8  the recommendation to the Court the Government and the defense took

9  great pains to put this plea together and try to reflect accurately

10 the conduct of the defendant, the seriousness of the offense, and in

11 light of other defendants in the case, where they would stand as far

12 as an appropriate sentence.

13         Once again, I would like to go back to Mr. Rebellon. I

14 think it's more important to compare Mr. Rebellon with Mr.  Lindo.

15 Mr. Rebellon recruited Mr. Lindo for the use of the boat in this

16 particular instance.

17         And it was Mr. Rebellon who was the person, as I pointed

18 out in the previous sentencing, who actually put everything

19 together. He was the right hand man of Mr. Vernal.

20         And once again, we have a sentence at the low end of the

21 guidelines of 235 months for Mr. Rebellon.

22         In light of that, and the conduct of Mr. Lindo in merely

23 supplying the vessel and then offering to supply a vessel, I think

24 in light of that it's appropriate for a sentence at the low end of

25 the guideline range.

1          I would also point out a comparison to Mr. Tascon, who I am

2     sure the Court will recall.  Mr. Tascon was a man who was placing

3     kilos into the load.  He was in charge of the transportation of the

4     load over ground.

5          He was a person who did quite a bit more that Mr. Lindo and

6     he received no increase for leader organizer and a sentence of 135

7     months.  I think it's appropriate to sentence him to the 210 months,

8     to which the Government and defense agree.

9          THE COURT:  Thank you.  The Court has considered the

10    statements of the parties, the presentence report which contains the

11    advisory guideline as well as the statutory factors. The Court is

12    going to impose a sentence within the guideline range, as such a

13    sentence is sufficient to afford adequate deterrence to criminal

14    conduct, reflects the seriousness of the offense while providing

15    just punishment.

16         It is the finding of the Court that the defendant is not

17    able to pay a fine.  It is the judgment of the Court that Javier

18    Lindo is committed to the Bureau of Prisons to be imprisoned for a

19    period of 262 months as to Count 3.

20         Upon release from imprisonment defendant shall be placed on

21    supervised release for a term of five years.  Within 72 hours of

22    release the defendant shall report in person to the Probation Office

23    in the district where released.

24         While on supervised release the defendant shall not commit

25    any crimes, shall be prohibited from possessing a firearm or other

1  dangerous device, shall not possess a controlled substance and shall

2  comply with the standard conditions of supervised release, including

3  the following special conditions, surrendering to Immigration for

4  removal after imprisonment, as noted in part G of the presentence

5  report.

6      Defendant shall immediately pay a special assessment of

7  $100.  Total sentence 262 months imprisonment, five years supervised

8  release, with a $100 special assessment.

9      Now that sentence has been imposed does the defendant or

10  his counsel object to the Court's finding of fact or the manner in

11  which sentence was pronounced?

12      MR. URBANO:  No, Your Honor.

13      THE COURT:  Mr. Lindo, do you understand you have a right

14  to appeal the sentence I have just imposed?

15      THE DEFENDANT:  Yes, Your Honor.

16      MR. URBANO:  I have one issue as to Mr. Lindo.  Again I

17  would ask for a recommendation to a South Florida facility.

18      THE COURT:  We will include that in the judgment and

19  commitment.

20      MR. URBANO:  The second issue, as to time served, and I

21  know the Court is familiar with this particular issue --

22      THE COURT: What's the date?

23      MR. URBANO:  August 16th 2006.

24      THE COURT:  Government agree with that?

25      MR. WYATT:  For the record, the defendants were imprisoned

7

1    as of August 16th, 2006 in Colombia on the basis of the U.S.

2    charges.  For extradition purposes they were not served with our

3    original arrest warrants until October twelve, 2006.

4         But we have no objection given that they were in prison,

5    although not technically served with our PAWs until August 16th,

6    2006, we have no objection with the credit starting August 16th,

7    2006 --

8         THE COURT:  I understand.  What is the law with respect to

9    computation for credit time served in a foreign jail?

10        MR. WYATT:  Once they are serving time on a U.S. PAW that

11   is when the clock starts ticking.  The PAWs were lodged -- this

12   indictment as you know is from 1999. They existed, but apparently

13   they were not served on them until October.

14        That's when our clock started ticking, for sort of

15   bureaucratic purposes, with the Colombian Government. However, they

16   were imprisoned as of August 16th, 2006 because of our charges.

17        THE COURT:  Understood. But does the law say when they were

18   served or does it say when they were incarcerated?

19        MR. WYATT:  I believe the law says when they were

20   incarcerated.

21        THE COURT:  If it's when they were incarcerated then that's

22   the date.  What is the date again?

23        MR. WYATT:  August 16th, 2006.

24        THE COURT:  All right.  Does that apply to both defendants

25        MR. WYATT:  It applies to both.

8

1          THE COURT:  All right.  Thank you.

2                 SENTENCING CONCLUDED

3              C E R T I F I C A T E

4      I hereby certify that the foregoing is an accurate

5   transcription of proceedings in the above-entitled matter.

6

7                               /S/PATRICIA SANDERS

8   _____              _____

9   DATE FILED               PATRICIA SANDERS, RPR

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25